**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

ROGER M. KENT,                    )
                                  )
            Plaintiff,            )
                                  )
v.                                )      Case No. 07-1105-JTM
                                  )
SOUTHERN STAR CENTRAL             )
GAS PIPELINE, INC.,               )
                                  )
            Defendant.            )
                                  )

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's motion to amend his complaint. (Doc. 38).[1] Plaintiff asserts that the proposed amended complaint (1) deletes several claims [negligence and negligence per se], (2) refines certain allegations and damage claims, and (3) adds no new claims. Southern Star Central Gas Pipeline, Inc. (Southern) opposes the motion, arguing that the amended complaint *does* add a new claim [temporary damages for intentional nuisance]. However, recognizing the liberal standards for determining whether to allow amendments to the complaint, defendant requests that conditions be imposed if the motion is granted. Specifically, Southern requests that (1) the negligence and negligence per

---

[1] Plaintiffs Loraine Cleaver, Thomas G. Baugher and Sandra Baugher were dismissed with prejudiced by stipulation of the parties. Doc. 36, filed 06/27/08. The case caption reflects the remaining plaintiff.

se claims be dismissed with prejudice and (2) the court award defendant's costs, travel expenses, court reporter fees, and attorney fees for the reopening of Kent's deposition concerning the new allegations of "temporary damages for intentional nuisance." For the reasons set forth below, the motion to amend shall be GRANTED.

**Background**

Highly summarized, plaintiff alleges that he owns and operates oil and gas leases located in Anderson County, Kansas. Southern also owns and operates natural gas "storage fields" in Anderson County, Kansas. The storage fields are the result of Southern's injection of natural gas into certain depleted gas fields. Southern's right to utilize subsurface storage is based on: (1) agreements and assignments which gave Southern's predecessors the rights to the gas and gas storage at certain subsurface depths and (2) regulatory certificates and permits issued by the Federal Energy Regulatory Commission ("FERC") and the Kansas Corporation Commission ("KCC").[2] Plaintiff produces oil from production zones located above Southern's subsurface storage fields.

Plaintiff alleges that natural gas has migrated from Southern's authorized storage area and wrongfully interfered with his oil production operations. His initial complaint asserted

---

[2] For example, Southern has regulatory permits to conduct storage operations at the North Welda field "in the Colony zone at a depth of 893-938 feet with a maximum wellhead shut-in pressure of 430 psig and with maximum storage volume at defined conditions not to exceed 15,500 MMCFG (million cubic feet of gas)." Plaintiff's Complaint, Doc. 1, p. 5.

-2-

claims based on (1) a breach of contract and implied covenants and (2) nuisance, (3) negligence, and (4) negligence per se. Southern denies plaintiff's claims and asserts its own counterclaims, arguing that the migration of its natural gas was caused by plaintiff's use of "enhanced recovery methods" to increase oil production from plaintiff's leases.[3] As noted above, plaintiff seeks leave to amend his complaint to withdraw certain claims and to clarify other allegations.

## Analysis

The standard for permitting a party to amend his complaint is well established. Without an opposing party's consent, a party may amend his pleading only by leave of the court. Fed. R. Civ. P. 15(a).[4] Although such leave to amend "shall be freely given when justice so requires," whether to grant leave is within the court's discretion. Panis v. Mission Hills Bank, 60 F.3d 1486, 1494 (10th Cir. 1995)(citing Woolsey v. Marion Labs., Inc., 934 F. 2d 1452, 1462 (10th Cir. 1991)). In exercising its discretion, the court must be "mindful of the spirit of the federal rules of civil procedure to encourage decisions on the merits rather than on mere technicalities." Koch v. Koch Industries, 127 F.R.D. 206, 209 (D. Kan. 1989). The court considers a number of factors in deciding whether to allow an amendment,

---

[3] "Enhanced recovery methods" include (1) drilling wells and utilizing fracture treatments, (2) water flooding and (3) other techniques.

[4] A party may amend its pleading once as a matter of course before a responsive pleading is filed. The time for amending "as a matter of course" is long past.

including timeliness, prejudice to the other party, bad faith, and futility of amendment. Hom v. Squire, 81 F.3d 969, 973 (10th Cir. 1996).

The court is satisfied that the motion to amend is not "filed in bad faith" or futile. Moreover, although the proposed amendment is technically untimely, Southern is not materially prejudiced by the amendments because (1) the deadline for discovery has not expired and (2) the basic facts and contentions of the case (whether natural gas migrating from Southern's storage field interferes with plaintiff's oil production) remain the same.[5] Under the circumstances, the motion to amend the complaint shall be granted.

The court declines Southern's request, at this time, for fees and expenses associated with reopening Kent's deposition to question him concerning "temporary" damages.[6] However, Southern is granted leave to submit additional interrogatories or written deposition questions to Kent concerning his claim for temporary damages.

The court is also not persuaded that the motion to amend should be conditioned on an order dismissing plaintiff's negligence and negligence per se claims with prejudice. Although Southern contends that the negligence and negligence per se claims are barred by

---

[5] The initial scheduling order provides that motions to amend or add parties should be filed by November 1, 2007. (Doc.10). The deadline for the completion of discovery has been extended to November 15, 2008. (Doc.35).

[6] Plaintiff contends that Southern "specifically inquired into the extent and nature of his damages and whether they were permanent or temporary." However, the portions of the deposition provided by plaintiff are less than clear on this point. Similarly Southern's proposal to reopen Kent's deposition provides no specifics other than a general reference to "temporary damages." The court is unwilling, based on this limited record, to award fees and expenses.

the statute of limitations, no motion to dismiss was filed concerning this defense. More importantly, a request by a plaintiff to voluntarily dismiss a claim without prejudice is ordinarily granted "absent legal prejudice to the defendant." See, e.g., Brown v. Baeke, 413 F.3d 1121, 1123 (10th Cir. 2005))("absent legal prejudice to the defendant, district court normally should grant such a dismissal"). Southern has failed to show "legal prejudice" justifying a "dismissal with prejudice."

**IT IS THEREFORE ORDERED** that plaintiff's motion to amend **(Doc. 38)** is **GRANTED.** Plaintiff shall file the amended complaint on or before **October 14, 2008.**

**IT IS FURTHER ORDERED** that Southern's motion to supplement its response **(Doc. 46)** is **GRANTED.** The court considered Southern's supplemental response in ruling on plaintiff's motion to amend.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 3rd day of October 2008.

S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge